

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 4, 1964

Affirmed by C-397

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-213

Re: Under the provisions
of Article 6819a-25a,
V.C.S., does the com-
missioners court have
discretion in determin-
ing the amount of ad-
ditional compensation
to be paid from county
funds to visiting dis-
trict judges who are
assigned to sit by the
presiding judge of the
administrative judicial
district.

Dear Mr. Wade:

You have requested the opinion of this office as to
whether the Commissioners Court of Dallas County has discre-
tion under the provisions of Article 6819a-25a, Vernon's
Civil Statutes, in determining the amount of additional com-
pensation to be paid from county funds to visiting District
Judges who are assigned to sit in Dallas County by the Presid-
ing Judge of the First Administrative Judicial District.

Section 1 of Article 6819a-25a, Vernon's Civil Statutes,
reads as follows:

"In any county in this state having a
population of five hundred thousand (500,000)
or more according to the last preceding Federal
Census and having five (5) or more Civil Dis-
trict Courts and two (2) or more Criminal Dis-
trict Courts, the judges of the several District,
Criminal District, Domestic Relations and Juve-
nile Courts of such counties shall receive, in
addition to the salary paid by the state to
them, and to other District Judges of this state,
the sum of Six Thousand Dollars ($6,000.00) an-
nually, to be paid in equal monthly installments
out of the General Fund or Officers' Salary Fund
of such counties. The Commissioners Court shall
make proper budget provisions for the payment

thereof. Any District Judge of the state who may be assigned to sit for the Judge of any District Court in such counties under the provisions of Article 200-A, Revised Civil Statutes, may, while so serving, receive an addition to his necessary expenses, additional compensation from county funds in an amount not to exceed the difference between the pay of such visiting judge from all sources by District Judges in the counties affected by the provisions of this Act, such amount to be paid by the county upon approval of the presiding judge in which said court is located."

At the same session of the Legislature which enacted the preceding statute, Article 200a, Vernon's Civil Statutes, was amended to provide a per diem of $25.00 per day for visiting judges. Article 200a provided that the per diem allowance was to be paid in addition to and cumulative of all other compensation and expenses authorized by law for visiting judges. This amendment operated to change the payment from actual expenses to a flat rate of $25.00 per day, and provides that this per diem is to be paid upon certificate of approval by the Chief Justice or by the Presiding Judge of the Administrative Judicial District. These approval provisions were the same as those contained in the statute in question, Article 6819a-25a, at the time Attorney General's Opinion V-1111 was written.

Attorney General's Opinion No. V-1111 (1950) answered the question as to whether the county auditor or the commissioners court had authority to review and approve the expense accounts of visiting judges under Article 200a, Vernon's Civil Statutes. In that opinion it was held that the general statutes which provide for review and approval of claims presented against the county did not apply to expense accounts submitted by visiting district judges and certified and approved by the presiding judge of the administrative district. The opinion further states:

" . . . it is our opinion that the Legislature intended to substitute the approval of the presiding judge in lieu of that of the commissioners' court and county auditor.

"You are therefore advised that such expense accounts are subject to audit and review by the presiding judge of the administrative district only."

Article 6819a-25a places the question of approval squarely and solely on the presiding judge of the county in which said court is located. It does not mention approval by the commissioners court. In view of such silence, and particularly in view of the prior Attorney General's opinion on the subject, it is the opinion of this office that the Commissioners Court of Dallas County, Texas, does not have authority or discretion to determine what additional compensation shall be paid to visiting District Judges assigned to sit in Dallas County by the Presiding Judge of the First Administrative Judicial District. Such discretion is vested by the statute in the said Presiding Judge and may only be exercised by him.

## SUMMARY

Article 6819a-25a, Vernon's Civil Statutes, vests in the presiding judge of the administrative judicial district discretion in approving the amount of additional compensation to be paid from county funds to visiting judges who are assigned to sit within the administrative judicial district.

The commissioners court has no discretion in approving any payment under Article 6819a-25a, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By
Malcolm L. Quick
Assistant Attorney General

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
James M. Strock
Edward R. Moffett
Bob Flowers
APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone